O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5/6

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

　　　　Not Present　　　　　　　　　　　　　　　　Not Present

**Proceedings:**   (In Chambers) Order GRANTING Defendants Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

    Pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motion to dismiss Plaintiff's quiet title claim with prejudice and GRANTS the motion to dismiss Plaintiff's promissory estoppel claim with leave to amend.

I.    Background

    Plaintiff Amber Danielson ("Plaintiff") brings this action for promissory estoppel and quiet title against Defendants Wells Fargo Bank, NA ("Wells Fargo") and US Bank National Association ("USBANK") in connection with her wrongful foreclosure. The following facts are taken from Plaintiff's Complaint and are accepted as true for this motion only. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

    In December 2004, Plaintiff Amber Danielson ("Plaintiff") took out a promissory note secured by a deed of trust against her home from BrooksAmerica Mortgage Corporation. *Compl.* ¶ 2. The mortgage was subsequently acquired by Defendant U.S. Bank National Association ("USBANK"). *Compl.* ¶ 3. Wells Fargo Bank National Association, dba America's Servicing Company ("Wells Fargo") acted as USBANK's servicing agent for the mortgage. *Compl.*, ¶ 4.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5/6

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, et al. | | |

      In early 2010, Wells Fargo promised Plaintiff it would evaluate her for a loan modification and instructed Plaintiff to stop making her loan payments, representing that by doing so she "would be more likely to qualify for that modification." *Compl.* ¶ 6, 17. In reliance on this promise, Plaintiff stopped making her payments. *Id.* ¶ 19.

      In October 2010, however, Wells Fargo informed Plaintiff that her application for a loan modification had been denied. *Id.* ¶ 10. Wells Fargo instructed her to submit "new financial documentation" after she informed Wells Fargo her finances were improving, and promised her the trustee sale would be postponed. *Id.* ¶¶ 12, 20. In reliance on this promise, Plaintiff gave up options available to her to prevent foreclosure, such as filing for bankruptcy, borrowing money, or attempting to reinstate the loan. *Id.* ¶¶ 13, 21.

      Unbeknownst to Plaintiff, the home was nonetheless sold and purchased by USBANK as scheduled. *Id.* ¶ 14. USBANK subsequently filed an unlawful detainer action, and a writ of possession issued in USBANK's favor on April 29, 2011. *Id.* ¶ 15.

      Plaintiff then filed suit against USBANK and Wells Fargo (collectively, "Defendants") in state court, asserting claims for promissory estoppel and quiet title. Dkt. #1, Ex. A. Plaintiff seeks injunctive relief preventing her eviction with respect to her promissory estoppel claim and an order restoring title to the property to her for her quiet title claim. *See id.* The action was removed to this court by Defendants. *See* Dkt. # 1.

      On July 21, 2011, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. # 5.

II.    <u>Legal Standard</u>

      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5/6

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, et al. | | |

1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In resolving a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. The Court must first accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). To further the inquiry, the Court may consider documents outside the pleadings if the authenticity of the extrinsic materials is not questioned and the complaint either refers to them or necessarily relies upon them. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds.

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. In determining whether the alleged facts cross the threshold from the possible to the plausible, the Court is required "to draw on its judicial experience and common sense." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

III. Discussion

Defendants move to dismiss both claims in Plaintiff's Complaint. The Court will address the sufficiency of each in turn, beginning with Plaintiff's quiet title claim.

A. Quiet Title

Defendants argue that Plaintiff's quiet title claim fails because, *inter alia*, Plaintiff has failed to plead the tender requirement of a quiet title claim. *Mot.* 7:15-17; 7:21-8:13; *Garcia v. Wachovia Mortg. Corp.*, U.S. Dist. LEXIS 99309, at *48-49 (C.D. Cal, Oct. 14, 2009) (noting that "in order to allege a claim to quiet title, Plaintiff must allege ability to tender the amounts admittedly borrowed"). Plaintiff concedes no tender has been made and does not oppose the motion to dismiss as it relates to her quiet title claim. *See Opp.* 3:22-4:5. Thus, the Court dismisses Plaintiff's quiet title claim as to all defendants without leave to amend.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5/6

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, et al. | | |

B.  Promissory Estoppel

To properly plead a promissory estoppel claim under California law, a plaintiff must allege: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance was both reasonable and foreseeable; and (4) that the party asserting the estoppel was injured by his reliance. *See US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 901, 28 Cal. Rptr. 3d 894 (2005). Additionally, pursuant to the Federal Rules of Civil Procedure a complaint must include a prayer for damages. *See* Fed. R. Civ. P. 8(a)(3). As explained below, the Court agrees with Defendants' argument that the Complaint must be dismissed for failure to properly plead damages.

1.  Damages

Defendants argue Plaintiff's promissory estoppel claim fails because the only relief sought on the claim, *i.e.*, an injunction "preventing the eviction," is unavailable because it is barred under *res judicata* by the unlawful detainer action, and, in the alternative, by Plaintiff's failure to make tender. *Mot.* 5:14-20; 8:19-21. The Ninth Circuit has implicitly authorized the use of a 12(b)(6) motion to challenge a prayer for damages precluded by law. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (rejecting the use of a Rule 12(f) motion to strike damages precluded by law because the Rule 12(f) motion was "really an attempt to have certain portions of [the] Complaint dismissed," and, "a rule 12(b)(6) motion…already serves such purpose"). Plaintiff seeks leave to amend her Complaint so as to properly assert damages under the promissory estoppel cause of action. *Opp.* 3:22-4:2; 4:13-17. Accordingly, the Court dismisses Plaintiff's promissory estoppel claim with leave to amend. *See* Fed. R. Civ. P. 15(a)(2).[1]

IV.  Conclusion

The Court GRANTS Defendant's motion to dismiss Plaintiff's quiet title claim with prejudice as to all defendants, and GRANTS Defendant's motion to dismiss the promissory estoppel claim as to all defendant, with leave to amend. Failure to amend the pleadings in accordance with this Order by **October 17, 2011** will result in dismissal of the action with

---

[1] Because the Court grants Plaintiff leave to amend her Complaint as to the promissory estoppel cause of action, it need not address Defendants' remaining arguments regarding the sufficiency of this claim as currently pleaded.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**O**

**#5/6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, et al. | | |

prejudice.

**IT IS SO ORDERED.**