O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7
10/3/11 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 29, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's motion for a preliminary injunction

    Pending before the Court is Plaintiff Amber Danielson's ("Plaintiff") motion for a preliminary injunction. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering all the evidence submitted and the papers filed in support and opposition the Court DENIES the preliminary injunction.

I.   Background

    Plaintiff brought this action for promissory estoppel and quiet title against Defendants Wells Fargo Bank, NA, *dba* America's Servicing Company ("Wells Fargo") and US Bank National Association ("USBANK") in connection with her allegedly wrongful foreclosure. This Court granted Defendants' motion to dismiss Plaintiff's Complaint with prejudice as to her quiet title claim and with leave to amend as to her promissory estoppel claim on September 26, 2011. *See* Dkt #13. Plaintiff now seeks a preliminary injunction to prevent her eviction pending the outcome of these proceedings. *See* Mot. 2:1-2. The following facts are taken from the declarations and exhibits filed in support of Plaintiff's motion and Defendants' opposition.

    In late 2009, Plaintiff's adjustable rate mortgage was about to reset. *See Danielson Decl.* ¶ 4. Plaintiff requested a loan modification and was told to stop making loan payments because doing so would greatly enhance her chances of obtaining the modification. *See id.* ¶ 5. In October 2010 Plaintiff's request for a loan modification was denied. *See id.* ¶ 6. Wells Fargo instructed her to submit new financial documentation after she informed Wells Fargo her finances were improving, and promised her the trustee sale would be postponed. *See id*. ¶¶ 7, 8.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7
10/3/11 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 29, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, *et al.* | | |

In reliance on this promise, Plaintiff gave up options available to her to prevent foreclosure. *See id.* ¶ 9. Plaintiff was aware that she could file for bankruptcy in order to protect her home, and had friends and family from whom she could have borrowed funds. *See id.* Wells Fargo's promise that the trustee sale would be postponed was the only reason Plaintiff did not take these protective actions. *See id.* Defendants broke their promise and sold Plaintiff's home without further notice to Plaintiff. *See id.* ¶ 10.

Defendants tell a different story. Defendants present evidence that Plaintiff requested and was prequalified for a Home Affordable Modification Trial Period Plan ("HAMP Trial Plan") in September 2009. *See Opp.* 3:3-6; *Brust Decl.* ¶ 8. Under the Plan, Plaintiff was required to submit certain documentation and make an initial payment. *See Opp.* 3:9-13; *Brust Decl.* ¶ 9. Plaintiff failed to submit the required documentation and her initial payment was rejected for insufficient funds. *See Opp.* 3:13-15; *Brust Decl.* ¶ 9. Plaintiff made one delinquent payment, and then stopped paying the loan. *Brust Decl.* ¶ 10. Furthermore, Plaintiff failed to submit the required documentation, even after multiple requests by Wells Fargo. *Brust Decl.* ¶¶ 11, 12, Ex. J, K, L.

Wells Fargo sent Plaintiff numerous letter throughout the next 10 months informing her of her delinquency, requesting payment, and informing her that her loan could not be modified because she had failed to submit the required paperwork. *See id.* ¶¶ 13, 15, 17, Exs. M, O, Q. When Wells Fargo received some documents from Plaintiff, they advised her additional documents were needed. *See Brust Decl.* ¶ 18, Ex. R. Wells Fargo notified Plaintiff by telephone and letter in early October 2010 that her loan modification request had been denied. *See Brust Decl.* ¶ 21, Ex. T.

Plaintiff contacted Wells Fargo by telephone to request reconsideration and postponement of the foreclosure sale. *See Brust Decl.* ¶ 22, Ex. V. Wells Fargo advised Plaintiff that it could not guarantee the sale would be postponed. *See id.* Wells Fargo advised Plaintiff that paying the reinstatement amount was the only option that would guarantee a postponement of the sale. *See id.* Plaintiff did not pay the reinstatement amount. *See id.* Wells Fargo nonetheless postponed the foreclosure sale until November 29, 2010. *See Brust Decl.* ¶¶ 22, 23, Ex. V.

On November 24, 2010, Wells Fargo informed Plaintiff the foreclosure sale would go forward as scheduled. *See id.* ¶ 25, Ex. V. Though Plaintiff called multiple times to request a postponement, Wells Fargo never advised Plaintiff the November 29 sale would be postponed. *See id.* ¶¶ 23, 25, Ex. V. On November 26, 2010, Wells Fargo informed Plaintiff that her loan

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7
10/3/11 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 29, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, *et al.* | | |

modification review had been denied. *See id.* ¶ 26, Ex. V. On the day of the foreclosure sale, Plaintiff again called to inquire as to the status of the postponement of the foreclosure sale. *See id.* ¶ 27, Ex. V. Wells Fargo advised her that though it had submitted a request to have the sale postponed, there was no guarantee of a postponement. *See id.* ¶ 27, Ex. V. Wells Fargo requested Plaintiff call back in 2-3 hours. *See Burst Decl.* ¶ 27. When Plaintiff called back, Wells Fargo advised her that it was too late to postpone the foreclosure sale as no loan modification review was pending. *See id.* ¶ 28, Ex. V.

Following the foreclosure sale, Wells Fargo was in communication with Plaintiff's counsel regarding a third application for a loan modification, which was ultimately denied. *See id.* ¶ 29. Plaintiff has not made a payment on the loan in over two years and has never offered to tender an amount necessary to reinstate the loan. *See id.* ¶¶ 32, 33. Wells Fargo has paid and continues to pay for property taxes and insurance while Plaintiff occupies the property rent-free and mortgage-free. *See id.* ¶ 34.

II.     Legal Standard

A party seeking a preliminary injunction must make a "clear showing" of each of the following elements: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374, 376, 172 L. Ed. 2d 249 (2008) (citation omitted). "The Ninth Circuit recently reaffirmed that within this framework a preliminary injunction also is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor, thereby allowing district courts to preserve the status quo where difficult legal questions require more deliberate investigation," so long as the other remaining *Winter* factors are met. *Sencion v. Saxon Mortg. Servs., LLC*, CV 10-3108 JF, 2011 WL 1364007, at *2 (N.D. Cal. Apr. 11, 2011) (internal quotation omitted); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (allowing for a post-*Winter* "sliding scale" analysis in preliminary injunction inquiries where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another").

III.    Discussion

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7
10/3/11 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 29, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, *et al.* | | |

As a threshold matter, the Court notes Plaintiff fails to identify the cause of action on which she believes she has demonstrated a likelihood of success, or the elements of that cause of action. *See* Mot. Because Plaintiff's quiet title claim has been dismissed with prejudice, Plaintiff must base her motion for a preliminary injunction on her promissory estoppel claim.

Plaintiff's motion for a preliminary injunction fails for two main reasons. First, Plaintiff fails to establish her promissory estoppel claim is likely to be successful on the merits. To recover for promissory estoppel under California law, Plaintiff must show: 1) a promise clear and unambiguous in its terms, (2) reliance by the party to whom the promise is made, (3) the reliance was both reasonable and foreseeable, and (4) that the party asserting the estoppel was injured by his reliance. *See US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 901, 28 Cal. Rptr. 3d 894 (2005).

Plaintiff offers her own testimony that Wells Fargo invited her to submit new financial documentation and unambiguously promised that the foreclosure sale would be postponed while Wells Fargo considered these documents. *See Danielson Decl.* ¶ 8. This was the only reason Plaintiff did not take steps to prevent the foreclosure. *See id*.

Defendants offer documentary evidence refuting each of Plaintiff's factual assertions. Defendants produce testimony and customer service records demonstrating that Wells Fargo did not promise to postpone the foreclosure sale, informed Plaintiff that her re-application had been denied several days before the sale, informed her that the sale would go forward as scheduled, and informed Plaintiff as early as October that the only way to guarantee a postponement was to pay the amount of the delinquency. *See Burst Decl.* ¶¶ 22, 24, 25, Ex. V. Moreover, Defendants offer evidence that Plaintiff requested a postponement two days prior to and on the day of the sale, indicating she knew the sale date had not been postponed. *See id.*, Ex. V. On the day of the sale Plaintiff again was informed there was no guarantee of a postponement. *See id*.

Accordingly, Plaintiff has failed to establish Defendants promised to postpone the sale and that she relied on this alleged promise in foregoing the opportunity to file for bankruptcy or borrow money to reinstate the loan. Therefore, Plaintiff has failed to establish a likelihood of success on, or even raise "serious questions" as to, the merits of her promissory estoppel claim.

Second, Plaintiff fails to establish that the balance of hardships tips sharply in her favor. Defendants offer evidence that Plaintiff has not made a payment on the loan in over two years,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#7
10/3/11 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-5927 PSG (PLAx) | Date | September 29, 2011 |
|---|---|---|---|
| Title | Amber Danielson v. Wells Fargo Bank, *et al.* | | |

has never offered to tender an amount necessary to reinstate the loan, and that Wells Fargo has paid and continues to pay for property taxes and insurance while Plaintiff occupies the property rent-free and mortgage-free. *See id.* ¶¶ 32, 33, 34. Even now, Plaintiff does not offer evidence indicating she is able to pay the amount necessary to reinstate the loan. *See Danielson Decl.*

IV.	Conclusion

	Based on the foregoing, the Court DENIES Plaintiff's motion for a Preliminary Injunction.

	**IT IS SO ORDERED.**